IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 23- 139 |
| MARTINEL HUMPHRIES | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and William B. Guappone, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A three-count Indictment was filed against the above-named defendant for alleged violations of federal law:

| COUNTS | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Forcible Assault of a Federal Employee (January 5, 2023) | Title 18, United States Code, Sections 111(a)(1) and (b) |
| Two | Use of a Firearm During and in Relation to a Crime of Violence (January 5, 2023) | Title 18, United States Code, Section 924(c)(1)(A)(iii) |
| Three | Felon in Possession of a Firearm and Ammunition (January 5, 2023) | Title 18, United States Code, Section 922(g)(1) |



FILED

JUN 27 2023

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1

In order for the crime of forcible assault of a federal employee, in violation of 18 U.S.C. §§ 111(a)(1) and (b), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. On or about the date charged in the Indictment, the defendant committed a forcible assault;

2. The defendant acted intentionally;

3. The defendant either used a deadly or dangerous weapon or inflicted bodily injury; and

4. The victim was a designated person under 18 U.S.C. § 1114 who was engaged in the performance of official duties.

United States v. Bullock, 970 F.3d 210, 214 (3d Cir. 2020).

### B. As to Count 2

In order for the crime of use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant committed the crime of forcible assault of a federal employee, charged in Count One of the Indictment; and

2. That during and in relation to the commission of that crime, the defendant knowingly used a firearm.

3. That the firearm was discharged during the course of the offense.

Third Circuit Model Criminal Jury Instructions 6.18.924A and 6.18.924B.

**C.     As to Count 3**

In order for the crime of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     The defendant knowingly possessed the firearm and/or ammunition described in Count Three of the Indictment.

2.     At the time of the charged act, the defendant had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

3.     At the time of the charged act, the defendant knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; and

4.     The defendant's possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G (modified).

### III. PENALTIES

**A.     As to Count 1: Forcible Assault of a Federal Employee (18 U.S.C. §§ 111(a)(1) and (b)):**

1.     A term of imprisonment of not more than twenty (20) years;

2.     A fine not more than $250,000;

3.     A term of supervised release of not more than five (5) years.

**B.     As to Count 2: Use of a Firearm During and in Relation to a Crime of Violence (18 U.S.C. § 924(c)(1)(A)(iii)):**

1.     A term of imprisonment of not less than ten (10) years and no more than

life. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the crime of violence (18 U.S.C. § 924(c)(1)).

> United States v. Gray, 260 F.3d 1267, 1281 (11th Cir. 2001); United States v. Sandoval, 241 F.3d 549, 550 (7th Cir. 2001).

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of not more than five (5) years (18 U.S.C. §§ 3583(b)(1), 3559(a)(1)).

**C. As to Count 3: Felon in Possession of a Firearm and Ammunition (18 U.S.C. § 922(g)(1)):**

1. A term of imprisonment of not more than fifteen (15) years (18 U.S.C. § 924(a)(8)). However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, that were committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Forfeiture is applicable under 18 U.S.C. § 924(d) and Title 28 United States Code, Section 2461(c).

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

*s/ William B Guappone*
WILLIAM B. GUAPPONE
Assistant U.S. Attorney
NC ID No. 46075