

U.S. Department of Justice

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                           *412/644-3500*

November 8, 2024

Linda E. Cohn, Esquire
Office of the Federal Public Defender
1001 Liberty Avenue, Suite 1500
Pittsburgh, PA 15222

Re:   United States of America v.
      Martinel Humphries
      Criminal Nos. 2:23-cr-139; 2:21-cr-195; 2:19-cr-166

Dear Ms. Cohn:

This letter sets forth the agreement by which your client, Martinel Humphries, will enter a plea of guilty at Criminal No. 2:23-cr-139 and admit violating conditions of his supervised release at Criminal Nos. 2:21-cr-195; 2:19-cr-166. The letter represents the full and complete agreement between Martinel Humphries and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Martinel Humphries will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

      A.    The defendant, Martinel Humphries, agrees to the following:

          1.    The defendant will enter a plea of guilty to Counts 1 and 3 of the Indictment at Criminal No. 2:23-cr-139, charging the defendant with violating 18

**LIMITED OFFICIAL USE**

        U.S.C. §§ 111(a)(1) and (b) and 922(g)(1), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

2.  The defendant will also admit to violation of mandatory condition #1 of supervised release as alleged in the Petition for Action filed on January 13, 2023, as supplemented by Orders on supplemental petitions filed on July 13, 2023 and August 18, 2023 at Criminal No. 2:21-cr-195, and will stipulate that the grade of the most serious violation is Grade A.

3.  The defendant will also admit to violation of mandatory condition #1 of supervised release as alleged in the Petition for Action filed on January 13, 2023, as supplemented by Orders on supplemental petitions filed on March 30, 2023, July 13, 2023 and August 18, 2023 at Criminal No. 2:19-cr-166, and will stipulate that the grade of the most serious violation is Grade A.

4.  The defendant will pay mandatory restitution under 18 U.S.C. §§ 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts as the Court shall direct.

   The defendant agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

   Upon request of the United States, the defendant agrees to provide all information regarding the defendant's income, assets and financial status, and that of the defendant's household. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The defendant authorizes the United States to obtain a credit report pertaining to the defendant.

5.  The defendant will immediately notify the Court and the United States Attorney of any improvement in the defendant's economic circumstances that might increase the defendant's ability to pay restitution and that occurs from the date of this agreement until the completion of the defendant's sentence, including any term of supervised release.

6.  The defendant will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) including but not limited to the following: a Romarm/Cugir Draco pistol,

caliber 7.62x39 with serial number DA-8825-15, and Tulammo 7.62 x 39 ammunition.

7. The defendant acknowledges that the above-described property is a firearm and/or ammunition involved in or used in the knowing violation of the offenses charged at Counts 1 and 3.

8. The defendant acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number and the defendant herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

9. If the Court imposes a fine or restitution as part of a sentence of incarceration, Martinel Humphries agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of the defendant's prison salary will be applied to pay the fine or restitution.

10. At the time Martinel Humphries enters the defendant's plea of guilty, the defendant will deposit a special assessment of $200 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

11. Martinel Humphries waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Martinel Humphries may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Martinel Humphries may take a direct appeal from the sentence.

    Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

    Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the

        government retains its right to oppose any such claim on procedural or substantive grounds.

12. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. After the imposition of sentence and pursuant to Rule 11(c)(1)(A), the United States Attorney will move to dismiss the remaining count of the Indictment at Criminal No. 2:23-cr-139, without prejudice to its reinstatement if, at any time, Martinel Humphries is permitted to withdraw the defendant's plea of guilty. In that event, Martinel Humphries waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of any count dismissed pursuant to this agreement.

2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Martinel Humphries in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

3. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

4. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Martinel Humphries and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Martinel Humphries on Count One is:

Page 5

        (a)     A term of imprisonment of not more than 20 years;

        (b)     A fine of not more than $250,000;

        (c)     A term of supervised release of not more than 3 years;

        (d)     A special assessment under 18 U.S.C. § 3013 of $100; and

        (e)     Mandatory restitution under 18 U.S.C. §§ 3663A and 3664.

2. The penalty that may be imposed upon Martinel Humphries on Count Three is:

        (a)     A term of imprisonment of not more than 15 years;

        (b)     A fine of not more than $250,000;

        (c)     A term of supervised release of not more than 3 years; and

        (d)     A special assessment under 18 U.S.C. § 3013 of $100.

3. The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

4. The parties agree that, with respect to Count One, the following Guidelines provisions apply: A base offense level of 14 pursuant to § 2A2.2(a), a 5-level enhancement because a firearm was discharged, pursuant to § 2A2.2(b)(2), and a 2-level enhancement because he was convicted under 18 U.S.C. § 111(b), pursuant to § 2A.2.2(b)(7).

5. The parties agree that, with respect to Count Three, the following Guidelines provisions apply: A base offense level of 22 both because the offense involved a semiautomatic firearm capable of accepting a large capacity magazine and because the defendant committed the instant offense subsequent to sustaining one felony conviction of a controlled substance offense, pursuant to § 2K2.1(a)(3), and a 4-level enhancement because the defendant used or possessed any firearm or ammunition in connection with another felony offense, pursuant to § 2K2.1(b)(6)(B).

6. Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence at each of Counts One and Three of the Indictment at Criminal No. 23-cr-139 is a term of imprisonment of 10 years, a fine in an amount to be determined by the Court, a term of supervised release of three years, a special assessment of $100, and restitution in an amount to be determined by the Court. The terms of imprisonment and the terms of supervised release at Counts One and Three should run concurrently.

       Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence report. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw the defendant's guilty plea.

       Defendant agrees that the defendant will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

7. Paragraph C.6 above does not apply to the supervised release violations in cases Criminal No. 2:21-cr-195 and Criminal No. 2:19-cr-166. In those cases, the parties are free to allocute and argue for any sentence.

8. This agreement does not preclude the government from pursuing any civil or administrative remedies against Martinel Humphries or the defendant's property.

9. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

       Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

10. The parties agree that, although a charge is to be dismissed pursuant to this agreement, Martinel Humphries is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, § 617 (Nov. 26, 1997) (known as the Hyde Amendment). Martinel Humphries waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

11. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

Page 7

This letter sets forth the full and complete terms and conditions of the agreement between Martinel Humphries and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

ERIC G. OLSHAN
United States Attorney

WILLIAM B. GUAPPONE
Assistant United States Attorney

I have received this letter from my attorney, Linda E. Cohn, Esquire, have read it and discussed it with her, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
MARTINEL HUMPHRIES

12/11/24
Date

Witnessed by:

~~LINDA E. COHN, ESQUIRE~~ Samantha L. Stern
Counsel for Martinel Humphries